UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN BAMBLING,<br><br>    Plaintiff,<br><br>v.<br><br>ROCKLAND MANUFACTURING AND EQUIPMENT LOCK,<br><br>    Defendants. | Case No. 3:22-cv-67<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Ryan Bambling, by and through his attorney, Kayla Drum, Esq. of MKO Employment Law, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq* ("FLSA"), Pennsylvania Wage Payment Collection Law, 43 Pa C. S. §260, *et seq* ("WPCL"), Breach of Contract, and Detrimental Reliance/Promissory Estoppel. Plaintiff was retaliated against due to reporting unfair labor standards.

### II. Jurisdiction and Venue

2. This action arises under the statute cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

4. Plaintiff, Ryan Bambling, is an adult individual with a primary residence located at 205 Freeman Drive, Johnstown, PA 15904.

5. Defendant, Rockland Manufacturing and Equipment Lock is a Pennsylvania Business Corporation which has a registered address of 172 Friendship Village Road, Bedford, PA 15522.

### IV. Facts

6. Plaintiff began working for Defendants in August 2020.

7. The last position Plaintiff held was an Inside Account Manager.

8. Plaintiff had an annual salary of $50,000.

9. Plaintiff was offered commission and incentive bonuses, in addition to his annual salary of $50,000, by Defendant in his employment contract.

   a. Plaintiff was to receive 10% commission on orders up to $10,000 per new dealer (new client).

   b. Any orders over $10,000, Plaintiff was to receive a $500 bonus.

   c. 10% commission will continue through $50,000 in orders from a new dealer, with a $500 bonus paid at each increment of $10,000 up to $50,000 in orders from the new dealer.[1]

10. Plaintiff was not compensated for his earned bonuses at outlined in his contract.

---

[1] For example, if Plaintiff made a $30,000 sale to a new dealer, he would receive a $1,500 bonus on top of his salary and commission.

    a.    In July 2021, Plaintiff had not been compensated for his monthly bonuses. Plaintiff spoke to Dustin Izing.

    b.    Mr. Izing did not take action for Plaintiff's lack of monthly bonus disbursements.

    c.    Plaintiff continued to increase his sales.

11.    Plaintiff contacted Defendant's Human Resources Representative, Kathy Pentazer on November 5, 2021.

    a.    Plaintiff was instructed by Ms. Pentazer to "let it go for now" and to not have further discussions with Mr. Izing about his bonuses.

    b.    Plaintiff was told by Ms. Pentazer that his contract would be reviewed during his year-end review.

12.    Plaintiff received a meeting request from Mr. Izing on December 27, 2021. The calendar invite was titled "2022 compensation meeting".

    a.    Mr. Izing informed Plaintiff that he knew of his November 2021 meeting with Human Resources Representative, Ms. Pentazer.

    b.    Plaintiff was then told that the complaint to Ms. Pentazer led to an investigation into Plaintiff's performance.

    c.    Mr. Izing terminated Plaintiff for "not doing enough work".

    d.    Plaintiff's performance was not in question prior to filing a complaint with Human Resources.

13.    Plaintiff did not receive any monthly bonus payments.

14. Plaintiff was terminated in retaliation for reporting violations of the FLSA, WPCL, and PWA.

### V. Causes of Action

### COUNT I
### Retaliation in Violation of the FLSA
### 29 U.S.C. § 215(a)(3)

15. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

16. Defendant is an "employer" under the FLSA

17. FLSA does not allow an employer to discharge or discriminate against an employee for filing a complaint.

18. Plaintiff engaged in a protected activity when he reported the wage violations and requested his proper wages to Mr. Izing and Ms. Pentazer.

    a. Plaintiff was terminated by Defendant for contacting Human Resources.

    b. Plaintiff was terminated instead of addressing the pay discrepancies.

19. Plaintiff's job was never in jeopardy prior to December 2021.

20. Plaintiff was terminated in violation of the FLSA.

### COUNT II
### Violation of the Pennsylvania Wage Payment Collection Law
### 43 Pa C. S. §§ 207(a)(1)

21. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

22. Defendant is an "employer" under the WPCL.

23. Plaintiff was not compensated per the bonus structure set forth by Defendant.

24. Plaintiff was not compensated within the prescribed time frame.

    a. Plaintiff was not compensated within the 15 days outside of the prescribed time frame of payroll set by the Defendant.

25. Plaintiff was terminated instead of compensated for their commission pay.

## COUNT III
## Breach of Contract

26. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27. The parties entered into a contract regarding Plaintiff's pay structure.

28. The Defendant breached the contract when they failed to pay Plaintiff his earned bonuses.

29. Plaintiff suffered damages as a result of Defendant's breach.

## COUNT IV
## Detrimental Reliance/Promissory Estoppel

30. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

31. As stated above, Defendant made a promise to Plaintiff regarding the conditions of his employment, including his commission, bonus, and incentive pay structure.

32. The promise was intended to and did induce reliance by Plaintiff in accepting the position with Defendant.

33. Plaintiff's reliance on Defendant's promise caused him harm as stated in detail above.

34. The injustice to Plaintiff can only be avoided by compensating Plaintiff for the promise which he relied on to his detriment.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendants, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, liquidated damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Kayla Drum
PA ID: 317764
**MKO EMPLOYMENT LAW**
429 Fourth Avenue, Suite 300
Pittsburgh, PA 15219
Direct: (412) 301-2702
k@mkolaw.com